E. COBLETZ v. THE STATE.

1. Article 2421, Paschal's Digest, declares, in substance, that if any clerk or other person therein named shall embezzle or misapply, or convert to his own use, without the consent of his principal, any money or other property of such principal or employer, which shall have come into his possession, or shall be under his control, by virtue of such office, agency, or employment, he shall be punished as prescribed for theft; and Article 2385 declares that if the defendant had the lawful possession of the property, yet, if he obtained the same through any false pretext, or with intent to deprive the owner thereof, etc., the offense of theft shall be complete. The accused was a clerk in a store, and was left at night in charge of the store. On the first night after his employment as clerk, he carried off from the store a quantity of money and goods, and the next day was apprehended, while leaving the country, some distance from the place where the act was committed, and the money and goods were found upon him. *Held*, that the facts of this case establish every constituent of theft under the above statutory provisions.
2. A clerk in a mercantile house has a qualified and limited possession of the goods as to strangers, but as against his principal or employer he has neither the possession nor the right of possession.

APPEAL from McLennan. Tried below before the Hon. J. W. Oliver.

There is no occasion for a statement of the facts.

*E. Cobletz*, appellant, in proper person.

*Wm. Alexander*, Attorney-General, for the State.

23

OGDEN, J.    The appellant was tried and convicted of theft, and the material question for determination presented by the record and brief of appellant, is, whether the offense of which he has been convicted is theft or embezzlement.

: The appellant sought and obtained employment as a clerk in Livingston's store, and on the night after his employment, being left in charge of the store, he took therefrom money and goods, the property of Livingston, and attempted to make his escape with the same.    There is no assignment of errors, and the only question in regard to the verdict of the jury and judgment of the court presented in the record, is raised in the motion for a new trial, and that claims that the defendant, if guilty at all, is guilty of embezzlement, and cannot, therefore, be punished for theft.

' The English and American laws are by no means felicitous in defining the difference between larceny or theft, and embezzlement.    Indeed the statute of 7th and 8th George IVth, and 24th and 25th Victoria, declare the embezzlement of clerks and servants to be larceny, and most of the American States have followed one or the other of these statutes, and declare the embezzlement of any officer, agent, clerk, or servant, to be either larceny, or declare that the offense shall be punishable as for larceny.

Our statute, Article 2421, Paschal's Digest, provides, in substance, that any clerk, or other person therein named, who shall embezzle or misapply, or convert to his own use, without the consent of his principal, any money or other property of such principal or employer which shall have come into his possession or shall be under his control by virtue of such office, agency, or employment, he shall be punished as prescribed for theft.    This statute includes many offenses which, at common law, and by the statutes of many of the States, would be punishable as an act of larceny, and Mr. Bishop, in his work on Criminal Law, p. 368, contends that under these different statutes against embezzlement, the prosecuting power has the election to indict the offender for embezzlement or larceny.

We are of the opinion that the evidence in this case has estab-
lished every characteristic which, under our statute, is necessary
to constitute the crime of theft. From the evidence, there can
be no doubt that the property was fraudulently taken without
the consent of the owner, and with intent to deprive the owner
of the value of the same, and to appropriate to the use of the
person taking. But it is contended for the appellant that, as he
was left to sleep in the store, that he might take care of and
guard the store and goods, he thereby had and held possession
of the goods, and therefore could not steal them, as the goods,
in order to constitute theft, must be taken from the possession
of the owner. That a clerk in a mercantile house has a qualified
and limited possession as to strangers, there can be no doubt,
but as against his principal or employer he has no possession, or
right of possession, and no more right to take the goods and con-
vert them to his own use, without the consent of the owner, than
a stranger. The elementary authorities are entirely harmonious
on this question. Archbold's Criminal Practice and Pleading,
386, says : " The possession of the servant is always deemed the
" possession of the master, and if he disposes of the goods to his
" own use, he is guilty of larceny." Roscoe on Criminal Evi-
dence, 445, says, that if the goods, money, or valuables, have
ever come into the possession of the owner, then the taking by the
clerk or servant is larceny and not embezzlement ; and Wharton
on American Criminal Law, 1847, has most thoroughly consid-
ered the question in all its bearings, and refers to many English
and American cases settling every possible doubt. He says :
" When one having only the care, charge, or custody of the
" property for the owner, converts it *animo furandi*, it is lar-
" ceny, the possession in judgment of law remaining in the
" owner until conversion ; " and he refers to Walker's case, re-
ported in 8 Leigh, 743, almost precisely similar to the one at
bar, in which the court held the offense to be larceny, and not
embezzlement.

But we do not consider it necessary to ascertain the precise
difference between theft and embezzlement, as made by the stat-

utes and the many decisions, in order to a just disposition of this case, since the latter clause of Article 2385, Paschal's Digest, appears to have been passed for the express purpose of settling all question whether the offense is theft or embezzlement; for it declares, that if the defendant had the lawful possession of the property, yet if he obtained the same through any false pretext, or with intent to deprive the owner thereof, etc., the offense of theft is complete.

The defendant in this case obtained employment as a clerk, and on the first opportunity, and within a few hours after his employment, he absconded with a large amount of money and goods, and was in the stage leaving the country when apprehended, and from the facts proven, we think the charge of the court a very clear, succinct, and complete exposition of the law applicable to the case. It instructed the jury that if they believed the defendant sought employment as a clerk, for the purpose and with intent of stealing the property of Livingston, and further, if they believed from the evidence, that in carrying out that purpose and intent, he did take the property of Livingston as charged, then the taking would be theft, and they should find him guilty. There was no error in the charge, and under it the jury found him guilty, and we are not willing to say that their verdict is contrary to the law and the facts of the case, and the judgment is therefore affirmed.

Affirmed.